**William Brian HAMBY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 93469.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 23, 2010.

Rehearing Denied May 4, 2010.

Mark A. Grothoff, Columbia, MO, for Appellant.

Shaun J. Mackelprang, Dora A. Fichter, Jefferson City, MO, for Respondent.

Before KURT S. ODENWALD, P.J., GEORGE W. DRAPER III, J., and GARY M. GAERTNER, JR., J.

## ORDER

PER CURIAM.

William B. Hamby (hereinafter, "Movant") appeals from the denial of his Rule 29.15 post-conviction motion without an evidentiary hearing. Movant was convicted of one count of stealing, Section 570.030 RSMo (2000),[1] one count of resisting arrest, Section 575.150, and one count of third degree assault of a law enforcement officer, Section 565.083. Movant was sentenced, as a prior and persistent offender, to ten years' imprisonment on the stealing conviction, which was ordered to run consecutively to a four year term of imprisonment for resisting arrest. Movant was also sentenced to a term of one year imprisonment in the county jail for assaulting a law enforcement officer, which was ordered to run concurrently to his other sentences. Movant's convictions were affirmed on direct appeal. *State v. Hamby,* 260 S.W.3d 929 (Mo.App. E.D.2008). Subsequently, Movant filed a motion for post-conviction relief pursuant to Rule 29.15, which the motion court denied without an evidentiary hearing.

Movant raises two points on appeal. In his first point, Movant argues defense counsel was ineffective for failing to cross-examine the arresting officers about a witness' statement. In his second point, Movant claims defense counsel was ineffective for failing to object to certain comments the prosecutor made during closing argument.

We have reviewed the briefs of the parties and the legal file and find the motion court's decision was not clearly erroneous. Rule 29.15(k). An opinion reciting the detailed facts and restating the principles of law would have no precedential value. We have, however, provided a memorandum opinion for the use of the parties only, setting forth the reasons for our decision. The judgment is affirmed pursuant to Rule 84.16(b).

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.